IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAPHNE MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>CHICAGO BOARD OF EDUCATION and ILLINOIS DEPARTMENT OF FAMILY SERVICES,<br><br>    Defendants. | No. 22-cv-07155<br><br>Judge John F. Kness |

**ORDER**

    On December 20, 2022, Plaintiff Daphne Moore filed this suit *pro se* against Defendants Chicago Board of Education and Illinois Department of Children and Family Services. (Dkt. 1.) On February 21, 2023, Plaintiff filed an amended complaint under 42 U.S.C. § 1983, arguing that her suspension from her teaching position at Earle STEM Elementary school violated her equal protection and due process rights under the Fourteenth Amendment. (Dkt. 13 at 4.) In her amended complaint, Plaintiff explains that her case was previously filed in the Illinois state court system. (*Id.* at 7.) According to Plaintiff, her case made its way to the Illinois Supreme Court, which affirmed the Board's decision to suspend Moore. (*Id.*)

    Although the Court is required to liberally construe a *pro se* plaintiff's pleadings, "however inartfully pleaded," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), *pro se* litigants are still bound by the rules of federal jurisdiction. From what the Court can glean from the 137-page amended complaint, Plaintiff's claim against Defendants has already been litigated in state court, and Plaintiff now asks the federal courts to review the decision of the Supreme Court of Illinois. (Dkt. 13 at 7.) Under the *Rooker-Feldman* doctrine, federal jurisdiction does not exist over cases "brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cnty. Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Put another way, a federal district court cannot exercise jurisdiction over a case that asks the federal court "to contradict the state court's orders." *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). On the face of the amended complaint, Plaintiff asks the Court to do just that: overrule the Supreme Court of Illinois. Although Plaintiff alleges a federal statutory claim and constitutional claims, Dkt. 13 at 4, the *Rooker-Feldman* doctrine bars review of

constitutional claims that are inextricably intertwined with state court proceedings. *See Wright v. Tackett*, 39 F.3d 155, 157–58 (7th Cir. 1993) (per curiam).

Given the length of Plaintiff's complaint and the sometimes-confusing formulation of her claims, it is not clear to the Court whether her claims in federal court are distinct from those she brought in state court or whether she simply seeks a federal court to give her the favorable outcome she did not receive in the state court system. To the extent that the latter is true, this Court cannot exercise jurisdiction over Plaintiff's case.

Plaintiff is therefore directed to show cause, on or before March 20, 2023, why this Court should not dismiss her case for lack of subject matter jurisdiction. Plaintiff must explain the relief she seeks and the relation of her claims, if any, to the earlier litigation she brought in the courts of Illinois.

SO ORDERED in No. 22-cv-07155.

Date: February 27, 2023

_____
JOHN F. KNESS
United States District Judge

2